UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

THE HANOVER INSURANCE GROUP, INC., )
)
Plaintiff, )
)
v. ) Case No. 1:14CV175 SNLJ
)
ZOELLNER CONSTRUCTION CO., INC., )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to compel discovery responses and for sanctions. Plaintiff has failed to respond to the motion, and the deadline for responding has passed. The Court will grant the motion.

Defendant states that plaintiff has failed to respond to written discovery. Specifically, defendant submitted Interrogatories and Request for Production to plaintiff in July 2015. The discovery was e-mailed in Word format and mailed by U.S. mail postage prepaid to plaintiff's counsel. Plaintiff has failed to provide responses to the Interrogatories or produce documents responsive to the Request for Production. Defendant has diligently attempted to resolve the matter by correspondence and a telephone conference with plaintiff's counsel, but plaintiff continues to fail to make the required responses to the outstanding discovery and has failed to provide any explanation or excuse for the failure to respond.

Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." This

Court will compel plaintiff to serve complete responses to the Interrogatories and produce all documents responsive to the Request for Production on defendant within ten days.

Plaintiff's failure to meet its discovery obligations is troubling. Plaintiffs should be mindful that Rule 41(b) permits a court to dismiss a cause of action with prejudice "for a failure of a plaintiff to prosecute or comply with these rules or any court order." Dismissal with prejudice is warranted "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Sec. Services., Inc.*, 627 F.3d 716, 722-23 (8th Cir. 2010).

Upon granting a motion to compel, Rule 37(a)(5)(A), authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A); *E.E.O.C. v. McConnell*, 4:12CV1498 JAR, 2013 WL 1867580, at *1 (E.D. Mo. May 3, 2013). "The party seeking litigation fees bears the burden to provide 'evidence of the hours worked and the rate claimed.'" *E.E.O.C. v. McConnell*, at *2 (quoting *Saint Louis University v. Meyer*, 4:07CV1733 CEJ, 2009 WL 482664, at *1 (E.D. Mo. Feb. 25, 2009)). The Court will consider awarding reasonable attorney's fees and expenses incurred in making this motion and will permit defendant's counsel to submit verified documentation of the expenses and attorney's fees incurred. Plaintiff may file a written response to be heard on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel discovery responses and for sanctions (ECF #20) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall serve complete responses to the Interrogatories and produce all documents responsive to the Request for Production on defendant within ten days.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court within ten days that it has complied with this order. Failure to comply may result in sanctions, including dismissal of this action.

**IT IS FINALLY ORDERED** that defendant is granted fifteen days to submit verified documentation in support of a request for attorney's fees and costs associated with the filing of the motion to compel. Plaintiff shall have seven days thereafter to file a response.

Dated this 1st day of April, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE